IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| MITCHELL REINHARDT, | CV 10-27-H-CCL |
| Petitioner, | |
| -v- | ORDER |
| MONTANA HUMAN RIGHTS BUREAU; MONTANA DEPARTMENT OF LABOR AND INDUSTRY; MONTANA HUMAN RIGHTS COMMISSION; and BURLINGTON NORTHERN SANTA FE RAILROAD, | |
| Respondents. | |

*******

This matter was removed from state district court on May 21, 2010. In the original state court filing, Petitioner Mitchell Reinhardt, a citizen of Montana residing in Miles City, had filed a Petition for Judicial Review, pursuant to the

1

Montana Administrative Procedure Act, § 2-4-701, *et seq.*, M.C.A., naming as the Respondents Burlington Northern Santa Fe Railroad, the Montana Human Rights Bureau, and the Montana Human Rights Commission. Petitioner challenged the administrative decision of the HRC that affirmed the decision of a hearings officer who concluded that Burlington Northern did not discriminate against the Petitioner based on age or disability. Thus, no damages were awarded to Mitchell Reinhardt. Petitioner Reinhardt challenged the correctness of the decisions of the hearing officer and the HRC in the First Judicial District, Lewis and Clark County, seeking a remand back to the hearing officer and the HRC for a calculation of damages.

Pursuant to 28 U.S.C. § 1441 and § 1446, Respondent Burlington Northern Santa Fe Railroad ("BNSF") removed this case to federal court premised upon the district court's diversity jurisdiction over disputes between citizens of different states pursuant to 28 U.S.C. § 1332. Respondent BNSF is a foreign corporation incorporated under the laws of Delaware, and it has a principle place of business in Fort Worth, Texas. In its Notice of Removal, Respondent BNSF claimed that it

was the only properly named, non-nominal Respondent in the suit.

Defendant BNSF cites *BNSF v. O'Dea*, 572 F.3d 785 (9th Cir. 2009), for the proposition that this Court has subject matter jurisdiction to provide judicial review of a final agency decision of the Department of Labor and Industry's Human Rights Commission. In *O'Dea*, the circuit panel held that a federal district court does have diversity jurisdiction of a civil action involving "on-the-record review of a Montana administrative agency decision. . . ." *O'Dea*, 572 F.3d at 791 (overruling *Shamrock Motors, Inc. v. Ford Motor Co.*, 120 F.3d 196 (9th Cir. 1997).

**Removal**

Section 1441 of Title 28, United States Code, provides that defendants may remove civil actions from state court to federal court if the federal court would otherwise have original jurisdiction. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). However, courts construe this removal statute narrowly in order to avoid federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Section 1441 states that

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. 1441.  This section "prohibits removal from state to federal court when at least one defendant is a citizen of the state in which the action is filed. . . ." *Spencer v. United States District Court*, 393 F.3d 867, 868 (9th Cir. 2004).  There is an additional, judge-made 'Rule of Unanimity,' which requires that the removing party must obtain the consent of all defendants to the suit prior to removal.  *Chicago Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900).  Violation of the 'unanimity rule' is a removal defect within the meaning of section 1447(c).  *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d

1236, 1240 (9th Cir. 2006).

When a case is not properly removed, subject-matter jurisdiction is lacking, and therefore the federal district court must remand the case back to state court. *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). The removal statute is strictly construed, and any doubt about defendant's right to remove should be resolved by remanding the matter back to state district court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption is against removal, and therefore the defendant bears the burden of persuasion that removal is warranted. *Id.*

## Motions for Remand

### *Real Party in Interest:*

Petitioner filed a Motion to Remand (Doc. 10). Respondents Montana Department of Labor and Industry ("MDLI"), Montana Human Rights Bureau ("MHRB"), and Montana Human Rights Commission ("MHRC") also filed a Motion to Remand (Doc. 12). The movants claim that there is no diversity

jurisdiction because the State of Montana is a real party in interest and therefore the Notice of Removal is not properly filed under 28 U.S.C. §§ 1441(b).

Generally, a state has no citizenship, and is therefore not subject to federal diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973). An exception exists when the state actor is a nominal party only with no real interest in the dispute. *McNutt v. Bland*, 2 How. 9, 14, 11 L.Ed. 159 (1844) ("This suit was accordingly brought in the name of the governor [of Mississippi], for the use of Leggett, Smith, and Lawrence, citizens of New York.").

In this case, it is relatively clear that the State Respondents are state agencies functioning as arms of the state. However, the dispositive question remains whether the State Respondents are 'real parties in interest,' for diversity jurisdiction purposes. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (*citing McNutt v. Bland*, 2 How. 9, 15, 11 L.Ed. 159 (1844)). A 'real party in interest' is one who has a 'substantial stake' in the outcome of the case. *Krier-Hawthorne v. Beam*, 728 F.2d

6

658, 664 n.8 (4th Cir. 1984); *see also, Navarro Sav.*, 446 U.S. at 462 n.9. A state is a real party in interest when the "benefit enures to it alone." *Missouri, Kansas and Texas Railway Co. v. Missouri Railroad and Warehouse Commissioners*, 183 U.S. 53, 59 (1901). A state's general interest in enforcing compliance with all its laws is an insufficient interest for diversity purposes. *Id.* at 60. Specifically, the *Missouri Railroad* decision held that a state's "general governmental interest in the welfare of its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws," does not make the state a 'real party in interest.' *Id.*

A court's analysis of 'real party in interest' should focus on the "essential nature and effect of the proceeding." *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945) (Eleventh amendment case) (*overruled on other grounds by Lapides v. Board of Regents*, 535 U.S. 613 (2002)). In our case, the essential nature of the proceeding is an employment discrimination claim made by a private citizen of Montana against an out-of-state corporation. Petitioner Reinhardt seeks monetary damages and affirmative relief from Respondent BNSF. If Petitioner

7

wins the suit, Respondent BNSF may be required to pay monetary damages and/or some other affirmative relief. If Respondent BNSF wins the suit, it will not be required to pay monetary damages or provide affirmative relief. In either instance, the State Respondents will not be affected by the judgment. The State Respondents are neutral parties that stand to win or lose nothing by their participation in the case; thus they do not have a stake in the outcome. The State Respondents thus appear to be nominal parties in this action.

The finding that the State Respondents are nominal parties also resolves their objection based upon the "unanimity rule." While it is true that Respondent BNSF did not obtain the consent of the State Respondents prior to removal to federal court, such consent is not required from nominal parties. *See United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (*citing Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).

*Amount-in-Controversy*

The State Respondents assert that there is no original jurisdiction to support removal because the $75,000 amount-in-controversy requirement is not met. State

Respondents believe that Petitioner's claim is worth zero because they found against him in their decision. This Court disagrees. Petitioner's claim has a value in excess of $75,000: he requests $143,995.93 in backpay, $965,753.46 in front pay, $23,347.20 in repayment of work training loan, and $50,000 in emotional distress damages. Doc. 15-1. Clearly, Petitioner's claim exceeds $75,000, and this case is not yet final, making it premature to value Petitioner's claim at zero for jurisdiction purposes. *See Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (amount in controversy measured by value of object of litigation).

***Abstention***

Both movants request the Court to consider a *Burford* abstention. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (dismissing drilling rights case despite diversity jurisdiction because Texas had created a comprehensive, centralized state regulatory system). However, *Burford* represents an "extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *City of Tucson v. U.S. West Communications, Inc.*, 284 F.3d 1128, 1133 (9th Cir. 2002) (*quoting Quackenbush v. Allstate Ins.*

*Co.*, 517 U.S. 706, 727-28 (1996)).  The factors to be considered are "first, that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy."  *United States v. Morros*, 268 F.3d 695 (9th Cir. 2001).

In our case, the State of Montana has not concentrated suits challenging the final decisions of the Human Rights Commission in any particular court.  Such a case may be filed any Montana district court where venue is proper.  There is no reason why a federal court cannot conduct judicial review over an employment discrimination adjudication.  This Court sits in its diversity jurisdiction as if it were any state district court. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949) ("for purposes of diversity jurisdiction a federal court is 'in effect, only another court of the State'") (*quoting Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108 (1945)).  Nor does it appear that judicial review by a federal

court sitting in diversity jurisdiction would be likely to interfere with the development of a coherent state policy, since this Court will look to Montana Supreme Court cases when sitting in diversity jurisdiction.  In fact, one or more of the state agencies involved here receive federal funding for processing discrimination charges on behalf of the Equal Employment Opportunity Commission, in exchange for state compliance with certain federal requirements. *See* Doc. 14 at 21-22 and Doc. 14-2.

Yet another *Burford* abstention requirement is imposed by the Supreme Court:

> Under our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.  Because this was a damages action, we conclude that the District Court's remand order was an unwarranted application of the *Burford* doctrine.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996).  The instant case is a damages action, not a suit for equitable relief.  Therefore, the Court concludes that a *Burford* abstention is not appropriate in this case.

***Eleventh Amendment***

The State Respondents assert their Eleventh Amendment right not to be haled into federal court.  When the state is the real party in interest, the Eleventh Amendment immunity protects not only states, but also state agencies.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01  (1984) (*citing Ford Motor Co. v. Department of Treasury,* 323 U.S. 459 (1945)).  The right to be immune from suit is as expansive as the State Respondents claim, *see, Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996) (type of relief sought against state irrelevant to Eleventh Amendment right not to be haled into federal court), but it does not extend to a collusive type of joinder of a defendant for the purpose of preventing removal to federal court.  *See Chesapeake & Ohio R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914) (diverse defendants, upon showing that joinder of nondiverse party was without right and made in bad faith, may successfully remove the action to federal court).  In fact, where a nondiverse defendant is neither necessary nor indispensable to a dispute between private parties, dismissal of the nondiverse defendant is appropriate pursuant to Rule 21(b).  *See Fidelity & Cas.. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 918 (9th Cir. 1979).

The Eleventh Amendment discussion leads us to return to the question of the real party in interest for diversity jurisdiction purposes. The Montana Supreme Court has held that state agencies are not necessary or indispensable parties in Montana Administrative Procedures Act cases wherein private parties seek judicial review of the state agency's decision. *Young v. City of Great Falls*, 632 P.2d 1111, 1113 (Mont. 1981) ("Where the legislature has intended for administrative bodies to be made parties, they have specifically so provided."). Indeed, "[b]y the time the matter is before the district court for judicial review, *the parties have already been defined through their appearance at, and participation in, the administrative proceedings*." *Hilands Golf Club v. Ashmore*, 922 P.2d 469, 474 (Mont. 1996) (emphasis supplied). In *Hilands*, a suit between private parties, the Montana Human Rights Commission was not named by the petition for judicial review. The Montana Supreme Court therefore referred to the Montana Human Rights Commission as a "non-party" and held that petitioner's service of the petition by mail (as required by Montana statute) on the Commission brought the Commission within the jurisdiction of the district court. *Id.*

In this case, the legislature has not provided that parties seeking judicial review of a final decision of the Montana Human Rights Commission must name the Commission as a respondent on the petition; rather, the legislature required only that "[c]opies of the petition must be promptly served upon the agency and all parties of record." Mont. Code Ann. § 2-4-702(2)(a) (2009). The Court concludes that the State Respondents are neither necessary nor indispensable parties to this action. Rather, they are mere nominal parties, possibly joined for the sole purpose of destroying diversity jurisdiction. Because this dispute is a private action between Mr. Reinhardt and BNSF, and because BNSF is otherwise entitled to remove this matter to federal court, and because the State Respondents possess Eleventh Amendment immunity from being haled into federal courts, the State Respondents should be dismissed pursuant to Rule 21(b), Fed. R. Civ. P. The State Respondents have no interest in this matter (other than their general interest in effectuation of the laws of the State of Montana), and Petitioner Reinhardt would not be prejudiced in any way by their dismissal. Accordingly,

IT IS HEREBY ORDERED that Respondents Montana Human rights

Bureau, Montana Department of Labor and Industry, and Montana Human Rights Commission are hereby DISMISSED as parties hereto pursuant to Rule 21(b).

IT IS FURTHER ORDERED that Petitioner's and the State Respondents' Motions to Remand (Doc. 10, Doc. 12) are DENIED.  The parties' requests for attorney's fees and costs related to the removal are DENIED.

Done and dated this 17th day of December, 2010.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

15