IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| MITCHELL REINHARDT, | CV 10-27-H-CCL |
| Petitioner, | |
| -v- | <u>REMAND ORDER</u> |
| BURLINGTON NORTHERN<br>SANTA FE RAILROAD, | |
| Respondent. | |

*******

This case began when Petitioner Mitchell Reinhardt ("Reinhardt") filed his petition for judicial review of a final agency decision of the Montana Human Rights Commission ("MHRC"). Upon initial review, this Court found that the agency's final decision was affected by an error of law that substantially affected the rights of the appellant, and therefore this Court reversed and remanded the

1

case to the MHRC so that the hearings officer could perform the proper legal analysis, and make the relevant factual findings, for a direct-evidence/perceived-disability claim of discrimination.

Following remand, however, the Hearing Officer ("HO") engaged in the same legal analysis as before and thereby avoided making the necessary findings of fact under the correct legal analysis.

During the initial review, this Court determined that the HO had incorrectly utilized the *McDonnell Douglas* test, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which is a legal analysis unsuitable for a direct-evidence case. (Doc. 30 at 13.) The Court's initial review showed that "Reinhardt has presented a *prima facie* direct evidence case of discrimination based on a perceived physical disability." (Doc. 30 at 19.) The legal analysis that was left undone required the HO to enter findings of fact regarding BNSF's safety defense under Montana law. However, there were no factual findings as to whether BNSF (1) engaged in an interactive process with Reinhardt to identify appropriate reasonable accommodations, (2) investigated reasonable accommodations, and (3) conducted

an independent assessment of the risk of substantial harm. *See McDonald v. Dept. Envtl. Quality*, 214 P.3d 749, 764 fn.9 (Mont. 2009); *Reeves v. Dairy Queen, Inc.*, 953 P.2d 703, 711 (9th Cir. 1998) (quoting Mont. Admin. R. 24.9.606(8)); *Hafner v. Conoco, Inc.*, 977 P.2d 330 (Mont. 1999); Mont. Admin. R. 24.9.606(7) (employer's failure to conduct independent assessment giving rise to disputable presumption of "pretext for discrimination on the basis of disability"). The Court noted that, once the *prima facie* case has been presented, the employer bears the burden of proof by a preponderance of the evidence in justifying its adverse action in a direct-evidence case. *See Allison v. Town of Clyde Park*, 11 P.3d 544, 547 (Mont. 2000).

Following remand, the HO performed the same analysis in approximately the same way as prior to remand, causing the MHRC to send the case back to the HO to follow this Court's instructions. Instead of doing so, however, the HO asserted that the MHRC had decided all the factual issues of the case and left nothing for the HO to do but to assess damages. The HO thereupon assessed damages in the amount of $200,317.52.

In response to this, the MHRC withdrew its second remand order and merely adopted the HO's second decision (which had failed to make factual findings under the direct-evidence analysis). The missing factual findings are necessary to permit a complete review of the HO's findings of fact and conclusions of law. This leaves us where we began four years ago. The Court has examined the more recent case of *Fischer v. Minneapolis Public Schools*, 792 F.3d 985 (8th Cir. 2015), and finds it to be distinguishable. The plaintiff in *Fischer* could not pass a strength test that was a formal condition of employment that applied to all employees being called back following a layoff; the plaintiff clearly did not have an impairment that substantially limited a major life activity. In Reinhardt's case, the employer's subjective perception that Reinhardt had an impairment (possibly due to a stroke, muscle weakness, and inability to balance properly when walking on uneven surfaces) was not related to an objective and formal condition of employment and was not justified by the failure of any test. In fact, Reinhardt had been cleared medically by the employer for this position. The real issue in this case is not the employer's motive for the termination (which is

4

reasonably plain) but the procedural steps that the employer followed prior to the termination, and whether the employer conducted an independent assessment of the risk of substantial harm, investigated reasonable accommodations, and engaged in an interactive process to identify appropriate reasonable accommodations that would ameliorate any risk of harm.

Once again, this Court emphasizes that this Court has not determined that BNSF's termination of Reinhardt was unlawful. A direct-evidence legal analysis supported by relevant factual findings as to BNSF's safety defense does not ineluctably lead to a finding of actionable discrimination. Instead, and for the second time, this Court determines that the Hearing Officer's legal analysis was not correct and that the HO failed to make the necessary findings of fact as to BNSF's safety defense.

Accordingly,

IT IS HEREBY ORDERED that the Petitioner's Motion to Remand (Doc. 47) is GRANTED. The final agency decision of the Montana Human Rights Commission is REVERSED and REMANDED for further proceedings consistent

with this Order and the Court's prior Opinion and Order (Doc. 30).

Dated this 4th day of April, 2016.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE